**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **Rx.com, Inc.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. H-04-2645** |
| **HARTFORD FIRE** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

_____

**HARTFORD FIRE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

_____

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN

Christine Kirchner
Federal ID No. 15255
Steven J. Knight
Federal ID No. 27715
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: 713/658-1818
Fax: 713/658-2553

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

Table of Authorities .................................................................................................. ii

Introduction and Summary ........................................................................................3

Factual Background ...................................................................................................4

A.     Hartford's Policy And The Underlying Lawsuit ............................................4

B.     No Duty To Defend Under Original Petition...................................................5

C.     Rosson Amends The Petition...........................................................................5

D.     Hartford Accepts Defense And Asserts Its *Right* To Assign Defense Counsel ...........................................................................................6

E.     Rx.Com *Rejects* Hartford's Defense ............................................................7

F.     Hartford And Rx.Com Resolve The Fee Dispute ...........................................8

G.     Rx.Com Accepts Hartford's Payments............................................................9

Standard of Review..................................................................................................11

Arguments and Authorities......................................................................................12

I.     Rx.Com had no right to insist upon representation by Brobeck *at Hartford's expense*.  Hartford is not liable for any defense costs beyond what it tendered in compromise of the dispute with its policyholder, as a matter of law..............................................................12

II.     Hartford's prior payments to Brobeck for all outstanding attorneys' fees constitutes an accord and satisfaction, barring Rx.com from seeking additional damages from Hartford.................................................15

III.     As a matter of law, Rx.com cannot recover for (1) defense costs incurred prior to the First Amended Petition, and (2) amounts in excess of what Rx.com establishes it paid out of pocket (or remains liable for)....................................................................................................17

Conclusion ...............................................................................................................19

Certificate of Service ..............................................................................................20

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)...................................................................................................11

*Flath v. Garrison Pub. Sch. Dist.*,
   82 F.3d 244 (8th Cir. 1996) .....................................................................................11

*Global Petrotech, Inc. v. Engelhard Corp.*,
   824 F.Supp. 103 (S.D.Tex. 1993) *rev'd in part on other grounds*,
   58 D.3d 198 (5th Cir 1995)......................................................................................18

*LaFarge v. Hartford Cas. Ins. Co.*,
   61 F.3d 389 (5th  Cir. 1999) .....................................................................................18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)..................................................................................................11

*R & B Falcon Corp. v. American Exploration Co.*,
   154 F.Supp.2d 969 (S.D. Tex. 2001) .................................................................11, 12

## <u>State Cases</u>

*Avary v. Bank of America*,
   72 S.W.3d 779 (Tex. App. - Dallas 2002, pet. denied)........................................16

*Concord Hosp. v. New Hampshire Medical Malpractice Joint Underwriting Association*,
   694 A.2d 996 (N.H. 1997) .......................................................................................18

*County Mut. Ins. Co. v. Davalos*,
   140 S.W.3d 685 (Tex. 2004)..............................................................................13, 14

*Drewry v. Continental Cas. Co.*,
   No. 03A01-9111-CH-417 H, 1992 WL 60876 (Tenn. App., 1992) ....................18

*McDonald v. Nat'l Grange Mut. Ins. Co.*,
   41 A.D.2d 862 (N.Y. App. Div. 1973) .................................................................19, 20

*Youngquist v. Cincinnati Ins. Co.*,
   625 N.W.2d 178 (Minn. Ct. App. 2001)..................................................................18

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| RX.com, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. H-04-2645 |
| HARTFORD FIRE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| *Defendant.* | § | |

**HARTFORD FIRE INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

TO THE HONORABLE JUDGE ROSENTHAL:

Defendant Hartford Fire Insurance Company ("Hartford") files its Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure with respect to *all claims* asserted by Plaintiff, Rx.com, Inc. ("Rx.com").

In this Court's March 29, 2006 Memorandum and Order (Court Instrument No. 84), the Court denied Rx.com's Motion for Summary Judgment in which Rx.com claimed that Hartford owes Rx.com for *additional* defense costs[1] that it incurred in an underlying lawsuit. This Court determined that Rx.com's coverage argument concerning the "legally obligated to pay" language was without merit; that Hartford's reservation of rights letter did *not* create any conflict that would have allowed Rx.com to insist on choice of counsel *at Hartford's expense*; that the evidence showed that "Rx.com agreed to a compromised resolution over the attorneys' fee dispute," which, "*at a minimum,*" defeats Rx.com's summary judgment motion; and that Rx.com is not entitled to recover pre-tender defense

---

[1]     It is undisputed that Hartford paid $191,639.00 pursuant to its agreement with Rx.com to end the dispute concerning Brobeck's bills. Rx.com's general counsel, Chris Meakin, urged the agreement "in the spirit of compromise." (Memorandum and Order at 28).

costs or any sums above what it allegedly paid out of pocket (or continues to owe) for defense costs.

Based on the Court's holdings and based on the summary judgment evidence attached hereto, Hartford respectfully requests summary judgment be granted in its favor with respect to all claims asserted by Rx.com for the following reasons:[2]

- From the start, Rx.com had no right to insist upon representation by Brobeck once Hartford accepted the defense of Rx.com and asserted its right to control the defense.[3] Rx.com rejected Hartford's tendered defense and chose to continue to be represented by Brobeck despite Hartford's clear position that Rx.com could do so only at its own expense. Hartford, accordingly, is not liable for any additional defense costs as a matter of law;

- Hartford's summary judgment evidence conclusively establishes that its prior payments to Brobeck for all outstanding attorneys' fees constitutes an accord and satisfaction, barring Rx.com's claim for additional sums from Hartford for defense costs; and

- Rx.com can neither recover defense costs incurred prior to the Fist Amended Petition, nor any amounts in excess of what it previously paid or continues to be legally obligated to pay.

---

[2] As this Court noted in the Memorandum and Order, Hartford has asserted numerous other defenses to Rx.com's claims, including whether this Rx.com entity is the same entity Hartford ensured; whether this Rx.com entity maintains ownership of claims under the policy; the reasonableness and necessity of the fees incurred; whether the fees related to the defense of Rx.com (as opposed to the defense of other defendants and for the prosecution of Rx.com's affirmative claims); etc. Hartford does not waive these other defenses.

[3] In the Court's Memorandum and Order, the Court summarized Texas law as follows: "If the insurance policy (like the policy in this case) gives the insurer the right to control the defense of a case the insurer is defending on the insured's behalf, the insured cannot choose independent counsel and require the insurer to reimburse the expenses *unless* 'the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends.'" (Memorandum and Order at 24). This Court then determined that "***Hartford's reservation of rights letter did not invoke a coverage exclusion that would be established by proof of the same facts to be decided in the underlying lawsuit***." (emphasis added). Hartford is not liable for any additional Brobeck invoices.

**INTRODUCTION AND SUMMARY**

This is an insurance coverage dispute, wherein Rx.com claims that Hartford breached an insurance policy when it declined to pay 100% of legal invoices billed by Rx.com's *chosen* counsel – Brobeck.  These legal fees were incurred in connection with a shareholder's derivative action filed against Rx.com by Joe Rosson – the same person who has now reemerged as the purported CEO of Rx.com in order to sue Hartford.  In one year of representation, from June 2000 to June 2001, Brobeck conducted just one deposition, yet racked up an astounding $603,919.87 in "defense costs."

Perhaps because Rosson was the plaintiff in the underlying lawsuit against Rx.com and was not privy to Rx.com's agreements with Hartford, Rosson's Rx.com ignores several critical facts that defeat Rx.com's claim.  First, when Hartford promptly accepted the duty to defend in response to Rosson's First Amended Petition against Rx.com, Hartford reserved its rights in a manner that never created a conflict of interest concerning coverage and the defense of the case. (*See* Memorandum and Order at 27, "Hartford's reservation of rights letter did not invoke a coverage exclusion that would be established by proof of the same facts to be decided in the underlying lawsuit."). Hartford retained its *contractual right* to control the defense of Rx.com – including the right to assign the defense to competent, qualified and reasonably-priced defense counsel. Rx.com rejected Hartford's tendered defense – opting instead to continue to be represented by the exorbitantly-priced Brobeck firm, while threatening Hartford with litigation if Hartford did not fully fund the defense.  *Hartford repeatedly informed Rx.com that if it chose to proceed with Brobeck as its selected counsel, it would be at its sole expense.*

Second, Christopher Meakin, Rx.com's then general counsel agreed in writing to resolve Rx.com's claim against Hartford for payment of Brobeck's bills if Hartford paid a portion of the bills based upon an audit.  Meakin made the proposal "in the spirit of compromise."  Hartford accepted Rx.com's offer, and, following the audit, Hartford tendered checks which were made payable to Brobeck and Rx.com jointly, and were clearly designated as payment for "OUTSTANDING" legal invoices. Rx.com and Brobeck endorsed and subsequently cashed the checks.  This accord and satisfaction forever barred Rx.com's claim for additional defense costs.

As set forth below, Hartford has more than satisfied any obligation owed to Rx.com.  This Court should enter summary judgment in Hartford's favor by denying Rx.com's claim for breach of contract, statutory violations and for attorneys' fees and interest.

### FACTUAL BACKGROUND

**A.      Hartford's Policy and the Underlying Lawsuit**

Hartford issued commercial general liability policy number 65 UUN GY5069 ("Policy") to its named insured, Rx.com, Inc. (Hartford's Policy, Exhibit 1).   The effective Policy period was from 10/28/99 to 10/28/00.  (*Id.*)

In May 2000, Joe Rosson and other plaintiffs sued Rx.com, Alliance Unichem, and several other defendants, in an underlying lawsuit.[4]  (Rosson's Original Petition, Exhibit 2). Rx.com, Meakin, Phillips, Fowler, Coopman and the Hruskas retained Brobeck, Phleger & Harrison ("Brobeck") to defend them.  (Rx.com and Individual

---

[4]      That lawsuit was styled, *Joe S. Rosson, Elizabeth G. Rosson, Ghent W. Rosson, Todd A. Rosson, and Trevor J. Rosson v. Rx.com, Inc., Alliance Unichem PLC, Christopher Meakin, Roger Phillips, Richard Mills, James Fowler, Robert Coopman, Lawrence Hruska, Cathy Steward Hruska*, 261st Judicial District, Travis County, Texas, (hereinafter referred to as the "*Rosson* lawsuit" or the "underlying lawsuit").

Defendants' Answer, Exhibit 3).  On May 26, 2000, Hartford was notified of the *Rosson* lawsuit.  (Notice from Summit, Exhibit 4).   By this time, Rx.com had already retained Brobeck.  (*Id.*).

## B.      No Duty to Defend Under Original Petition

The *Rosson* lawsuit arose from a contractual dispute over a "cash infusion" agreement between Rx.com and Alliance Unichem, wherein Alliance Unichem agreed to provide cash to Rx.com in exchange for, among other things, the Rossons' resignations from their positions within Rx.com and a security interest in Rx.com's assets.  (Rosson's Original Petition, Exhibit 2).  There were no allegations of "bodily injury," "property damage," or "personal and advertising injury," as defined by the policy.  (Memorandum and Order at 21, "The original petition does not allege bodily injury, advertising injury, or property damage as defined by the policy").

Immediately upon receipt of the Original Petition, on June 2, 2000, Hartford sent a letter to Meakin, Rx.com's general counsel, advising that the factual allegations in the Original Petition did not trigger a duty to defend Rx.com under the policy.  (Letter dated June 2, 2000, Exhibit 5).

## C.      Rosson Amends the Petition

On July 24, 2000, Rx.com, through one of its numerous Brobeck attorneys,[5] forwarded Rosson's First Amended Petition to Hartford.  (Letter dated July 24, 2000, Exhibit 6).  Rx.com's attorney requested:  "Please re-evaluate your coverage position in light of the revised allegations."  (*Id.*).  The "revised allegations" were clearly designed to

---

[5]      Brobeck later admitted that it used at least twenty-one separate timekeepers, some of whom billed in 2000 well in excess of $500 per hour.

artfully plead coverage, and included the following language, seemingly quoted directly from Hartford's policy:

> Defendants caused injury to each and every Plaintiff through oral and/or written publication of material in their advertisement that slandered and/or libeled the Plaintiffs and disparaged their goods, products and/or violated Plaintiffs' right to privacy.  In addition, and not directly or indirectly related to Plaintiffs' employment and termination, Defendants negligently and/or intentionally injured the Plaintiffs through discrimination and humiliation that resulted in injury to the feelings and reputation of the Plaintiffs.

(Rosson's First Amended Petition, Exhibit 7).

**D.      Hartford Accepts Defense and Asserts its *Right* to Assign Defense Counsel**

On September 5, 2000, David Clement, a Hartford Claims Specialist, wrote to Steve Zager, the lead Brobeck attorney representing Rx.com, advising that Hartford would defend Rx.com based on the First Amended Petition but under a reservation of rights.   (Reservation of Rights, Exhibit 8).   Clement advised that the newly added allegations concerning defamation and privacy triggered a duty to defend under the policy's potential coverage for "personal and advertising injury."  (*Id.*).  Clement further advised that "The Hartford … reserves the *right* to control defense of this lawsuit," (*id* at 10) (emphasis added), and that, pursuant it its right to defend, Hartford was assigning the defense of Rx.com to David Chamberlain of the Austin-based Chamberlain, McHaney law firm.  (*Id.*).  Hartford further advised, and indeed, emphasized that "[y]ou are entitled to select your own counsel, if you choose; however, The Hartford <u>will not</u> pay your counsel's attorney fees and expenses." (*Id*. at 10) (emphasis in original).

On September 12, 2000, Meakin wrote to Clement acknowledging Hartford's defenses of Rx.com. (Letter dated September 12, 2000, Exhibit 9).  On Rx.com's behalf, Meakin took the position that Rx.com had the right to select its own counsel – Brobeck –

and that Hartford was obligated to pay all of Brobeck's fees, apparently without any regard for the non-existence of a conflict, the excessive hourly rates, number of attorneys assigned, the tasks being performed, non-covered defendants, Rx.com's counterclaims, etc. (*Id*.).

On September 21, 2000, Clement advised that Hartford was not aware of, and Rx.com did not assert, any identifiable actual or potential conflict of interest created by the reservation of rights.  (Letter dated September 21, 2000, Exhibit 10).   Rx.com had no right to insist upon its own counsel at Hartford's expense.   As this Court held, "the insured cannot choose independent counsel and require the insurer to reimburse the expenses *unless* 'the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends'."   Here, "Hartford's reservation or rights letter did not invoke a coverage exclusion that would be established by proof of the same facts to be decided in the underlying lawsuit."  (Memorandum and Order at 27).

**E.      Rx.com *Rejects* Hartford's Defense**

Although Meakin admitted that he has "no detailed awareness of Mr. Chamberlain's experience," (Letter dated April 24, 2001, Exhibit 11), Meakin argued that Rx.com was entitled to maintain representation through Brobeck and that Hartford must pay Brobeck's bills.   Meakin suggested, as a temporary compromise, that Rx.com and Hartford split the difference between the Brobeck rates and the Chamberlain rates, each party paying half of that amount, resolving the dispute over who owes the amounts through subsequent litigation. (E-mail dated April 3, 2001, Exhibit 12).  Meakin advised,

erroneously, that as of April 3, 2001, "Rx.com's legal fees and expenses are over $200,000."[6]  (*Id.*).

On April 19, 2001, Clement responded to Meakin's e-mail. (E-mail dated April 19, 2001, Exhibit 13).  Clement advised that Brobeck's billings to date had been exorbitant and unreasonable. (*Id.*).  Hartford emphasized the position it conveyed to Rx.com when it accepted the defense – that it would not be liable for Brobeck's bills, and Rx.com could proceed with Brobeck at its own expense.  (*Id.*, "***we will not accept their [Brobeck's] assignment in this matter***.").  Hartford again urged Meakin to consider alternative choices of counsel, including Brantley Ross Pringle and Fred Coogan, if Chamberlain was still not acceptable.  (*Id.*).  On the same date, Meakin advised: "We shall consider it and let you know."  (E-mail dated April 19, 2001, Exhibit 14).  Meakin also inquired:  "How much of the bills to date is The Hartford *willing* to pay?"  (*Id.*) (emphasis added).

**F.      Hartford and Rx.com Resolve the Fee Dispute**

On May 1, 2001, Clement responded to Meakin's inquiry and offered a compromise. (Letter dated May 1, 2001, Exhibit 15).  Clement emphasized Hartford's position about the unreasonable nature of Brobeck's invoices.  Clement correctly recalled that "[i]n the letter dated September 5, 2000, ***The Hartford advised Rx.com that if it decided to retain it[s] own counsel then they could do so at their own expense***.  (*Id.* at 2) (emphasis added). Hartford offered, however, "in the spirit of compromise" to review Brobeck's bills incurred to date, "submit them for an audit," and pay the portion of the bills that were reasonable and necessary to the defense of Rx.com at a reasonable rate

---

[6]      In fact, according to Hartford's subsequent audit, Brobeck had billed well in excess of $350,000 by April 2001. (Memorandum and Order at 4).

considering the rates charged by other competent counsel.  (*Id.*).  Clement advised, once again, that Hartford would assign the defense of Rx.com to another firm that charged a more reasonable rate for the remainder of the litigation.  (*Id*)

Two days later, on May 3, 2001, *Rx.com accepted Hartford's offer*.  (Letter dated May 3, 2001, Exhibit 16).  Specifically, Meakin wrote:

> *But in the spirit of compromise*, I believe that the following *agreement* is workable for both parties and in *accordance with your compromise* offered below.[7 ]
>
> 1.  **The Hartford reviews** all of the past Brobeck bills and pays what is owed directly to Brobeck *minus* "unreasonable" expenditures within 30 days.
>
> 2.  Brobeck remains on the case through the remainder of the Plaintiffs' depositions and a motion for summary judgment.
>
> 3.  The Hartford may offer a choice of appropriate counsel (such as those offered so far) from which Rx.com chooses after No. 2 above based on the nature of the case that exists after No. 2 above.

> Thanks for your consideration and courtesy.

(*Id.*) (emphasis added).

On May 9, 2001, Hartford *accepted* Rx.com's offer.  (Letter dated May 9, 2001, Exhibit 17).

**G.    Rx.com Accepts Hartford's Payments**

After informing Meakin of the status of the audit, which would enable Hartford and Rx.com to "bring this matter to a conclusion," (*see, e.g.,* Exhibit 18), Hartford immediately tendered $100,000 as an advance payment while an audit was commenced. (*Id.*).  That check was made payable to the Brobeck firm and was marked as a "Partial

---

7        Clement's prior offer referenced by Meakin did not involve any subsequent adjudication. Rather, Clement's offer was a final offer to resolve the entire fee dispute. Meakin's May 3, 2001 offer, which was "in accordance with" Clement's offer also offered a final resolution.

Payment." (Checks, Exhibit 19).  Two months later, on July 9, 2001, Zager, on behalf of Brobeck, withdrew from the case in accordance with Rx.com and Hartford's agreement. (Brobeck's Motion to Withdraw and Order, Exhibit 20 and 21).  Rx.com notified the court that Chamberlain, McHaney, was appearing as counsel for Rx.com.   (Notice of Appearance, Exhibit 22).

Pursuant to the agreement between Hartford and Rx.com, as reflected in Meakin's written offer and Hartford's acceptance, Hartford consulted with the Confluence Group, which performed an audit of the Brobeck bills.  (Audit, Exhibit 23).  The Confluence Group correctly determined that up to July 24, 2000, the date upon which the First Amended Petition was tendered to Hartford, Brobeck had already charged a total of $88,981.55.  (Audit, Exhibit 23).  Because these fees were incurred before a duty to defend was triggered, Hartford cannot be liable for that pre-tender sum.[8]

Subtracting unreasonable fees, duplicative billing entries, and applying a reasonable hourly rate[9] (which, incidentally, was a higher rate than Chamberlain's rates), Hartford determined that, in addition to the $100,000 it already paid, it would pay an additional $91,639.61 pursuant to its agreement with Rx.com.   (Checks, Exhibit 19).

---

[8]     In the Court's Memorandum and Order, this Court found that Rx.com's claim that Hartford owes for defense costs incurred prior to the trigger of a defense obligation was "without merit."  (Memorandum and Order at 20-21).  The Court noted, however, that Hartford did not file a motion for summary judgment on this issue. Hartford now seeks summary judgment with respect to the $88,981.55.

[9]     Clement asked Brobeck to provide an indication of each person who billed time to the file, and the applicable rates for 2000 and 2001— information that was absent from Brobeck's vague and nondescript time entries. Twenty-one timekeepers were identified, each of whose hourly rate was dramatically increased after Hartford accepted the defense. (Letter dated June 29, 2001, Exhibit 25).   For example, Steve Zager, the lead attorney was listed as having an hourly rate in 2000 of $505.   (*Id*.).   In 2001, that rate increased dramatically to $580 per hour.  (*Id*.).  Ten other attorneys, who billed time to the file, increased their rate by at least $45 per hour between 2000 and 2001. (*Id*)   The collective rate increase was well over $600 per hour.

After advising Rx.com of the audit results, (Exhibit 24), Hartford tendered a check made payable jointly to Rx.com and Brobeck for $91,639.61.  (Checks, Exhibit 19).  Consistent with Hartford and Rx.com's agreement, the check stated in capital letters that it was for "**OUTSTANDING LEGAL FEES**." (*Id.*). Brobeck and Rx.com endorsed and later cashed the check.

### STANDARD OF REVIEW

The purpose of a summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.*"  R & B Falcon Corp. v. American Exploration Co.,* 154 F.Supp.2d 969, 972 (S.D. Tex. 2001).  The summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is particularly appropriate when the questions to be decided are issues of law.  *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 246 (8th Cir. 1996).  "The summary judgment procedure, therefore, enables a party 'who believes there is no genuine issue as to a specific fact essential to the other side's case to demand at least one sworn averment of that [specific] fact before the lengthy process continues.'" *R & B Falcon,* 154 F.Supp.2d at 972 (citations omitted).  "Where the moving party has met its Rule 56(c) burden, the nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . "The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial"'." *Id.* at 972

11

(citations omitted).  "If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 972.

**ARGUMENTS AND AUTHORITIES**

I.  **Rx.com had no right to insist upon representation by Brobeck *at Hartford's expense*.  Hartford is not liable for any defense costs beyond what it tendered in compromise of the dispute with its policyholder, as a matter of law.**

Hartford is not liable for any additional Brobeck invoices because its reservation of rights letter did not create a conflict which would have justified Rx.com's insistence on counsel of its choice at Hartford's expense.  Rx.com argues that Hartford remains liable for Brobeck's bills because, in its view, "[a]n insurer who defends under a reservation of rights entitles the insured to retain legal counsel of its choice to defend it from the claims."  (Rx.com's Motion for Summary Judgment at pg. 6, Court Instrument No 29).

Rx.com is wrong on the law. As this Court held:  "Texas law is narrower." (Memorandum and Order at 24).  "Not every reservation of rights letter creates a conflict of interest allowing an insured to select independent counsel at the insurer's expense." (*Id*.).  Hartford's reservation of rights letter, as this Court has already determined, did not create the type of conflict that would justify Rx.com's insistence on its choice of counsel. (*Id*. at 27).  Hence, as Hartford warned in its letter accepting the duty to defend and subsequent correspondence, Rx.com proceeded with the Brobeck firm *at its own expense*.

In its Memorandum and Order, this Court conducted a thorough analysis of the law concerning an insured's right to insist upon counsel of its choosing at the insurer's expense. The Court stated, succinctly, that:

> ***If the insurance policy (like the policy in this case) gives the insurer the right to control the defense of a case the insurer is defending on the insured's behalf, the insured cannot choose independent counsel and require the insurer to reimburse the expenses unless the facts to be***

12

> *adjudicated in the liability lawsuit are the same facts upon which*
> *coverage depends.*

(Memorandum and Order at 24) (citing *N. County Mut. Ins. Co. v. Davalos,* 140 S.W.3d

685, 688 (Tex. 2004)).  This Court also examined Hartford's reservation of rights letter

and the pleadings in the underlying lawsuit and concluded that:

> *Hartford's reservation of right letter did not invoke a coverage exclusion*
> *that would be established by proof of the same facts to be decided in the*
> *underlying lawsuit.*

(Memorandum and Order at 27).

In situations in which the insured *incorrectly* asserts that the insurer's tendered

defense creates a conflict, justifying the insured to proceed with counsel of its choosing at

the insurer's expense, the remedy is that the insurer is not liable for the attorneys' fees the

insured chose to incur.  (Memorandum and Order at 24, n.4.).  *See Davalos*, 140 S.W.3d

at 690 ("***But having rejected the insurer's defense without a sufficient conflict, Davalos***

***lost his right to recover the costs of that defense.***") (emphasis added).   Because

Hartford's reservation of rights letter did not create the type of conflict that would have

resulted in a forfeiture of its right to control the defense, and because Hartford clearly

informed Rx.com that if it proceeded with representation by Brobeck it would be at

Rx.com's sole expenditure, Hartford is not liable for any additional Brobeck invoices.

This Court conducted an exhaustive analysis of the issue, and it is beyond

challenge by Rx.com.  Indeed, in addition to the Court's lengthy analysis, the language in

Rosson's petition that caused Hartford to defend the suit – language pertaining to

defamation and invasion of privacy – was not even asserted as the factual basis for any

*causes of action*, such as defamation or invasion of privacy.[10]  No such causes of action were even asserted based on the factual allegations that caused Hartford to defend. Hartford, in good faith, accepted the duty to defend regardless, without reserving rights with respect to any exclusion that, factually, served the basis of any of Rosson's claims against Rx.com.  Under these circumstances, the type of conflict of interest that some courts hold may justify the insured's insistence upon its own counsel is not at issue here, and Rx.com has advanced no argument that could convince this Court otherwise.

Importantly, Hartford's policy gives it the *right* to defend Rx.com.  (Policy, Exhibit 1 at Form CG 00 01 01 96 ("We will have the *right* and duty to defend…") (emphasis added)).  As recognized by the Texas Supreme Court, this right includes the right to assign defense counsel of its choice.  *Davalos*, 140 S.W.3d at 688 ("The right to conduct the defense includes the authority to select the attorney who will defend the claim and to make other decisions that would normally be vested in the insured as the named party in the case.")  Hartford did not relinquish this right; but rather consistently reminded Rx.com that it maintained it.  In fact, in the September 5, 2000 reservation of rights letter, Hartford attempted to assign the defense to the Chamberlain, McHaney law firm – a firm having qualifications that Rx.com admitted it could not contest and ultimately accepted.  Nevertheless, Rx.com continued, *under protest by Hartford*, to be represented by Brobeck – a firm that virtually quadrupled the reasonable rate of defense charged by Chamberlain McHaney.  Rx.com maintained this position for approximately

---

[10]     As indicated above, these statements – defamation and invasion of privacy – were clearly inserted in the factual background section of Rosson's petition for the sole purpose of triggering a defense obligation.  It should not be lost on the Court that no cause of action for defamation or privacy invasion was asserted by Rossen.

one year, during which time Brobeck racked up almost $604,000 in "defense costs" for multiple clients, while completing just one deposition.

Because Hartford maintained the contractual *right* to control the defense after having timely and reasonably accepted the duty to defend under the First Amended Petition in a manner that did not create a conflict of interest, Hartford is not liable for any additional portion of Brobeck's bills beyond what Hartford paid in accordance with its accord and satisfaction agreement with Rx.com as discussed below.

**II.     Hartford's prior payments to Brobeck for all outstanding attorneys' fees constitutes an accord and satisfaction, barring Rx.com from seeking additional damages from Hartford.**

Hartford is entitled to summary judgment because Hartford and Rx.com resolved Rx.com's (erroneous) claim that Hartford was obligated to reimburse Rx.com for the Brobeck invoices.

Clement and Meakin agreed to keep an open dialogue concerning Hartford and Rx.com's disagreement over whether Hartford was liable for Brobeck's invoices given the disagreement over whether Rx.com had the right to insist upon counsel of its choice. Meakin ultimately proposed to Hartford that "Hartford review all of the past Brobeck bills and pays what is owed directly to Brobeck minus 'unreasonable' expenditures within 30 days." (Exhibit 16).

Hartford accepted Meakin's proposal in final resolution of the dispute (Exhibit 17) and then performed an audit of Brobeck's bills.  As a result of the audit and after deducting expenses that were incurred before a duty to defend was triggered, Hartford paid $191,639.61 of Brobeck's bills.  (Exhibit 19).  Considering Meakin's offer to Hartford that Hartford would only be liable for a reasonable portion of Brobeck's bills,

Hartford's payment fully satisfied its obligation to Rx.com as agreed to by Meakin, its general counsel at the time.

"An accord and satisfaction occurs when parties agree to the discharge of an existing obligation in a manner other than in accordance with the terms of their original contract." *Avary v. Bank of America*, 72 S.W.3d 779 (Tex. App. – Dallas 2002, pet. denied) (citing M*etromarketing Serv., Inc. v. HTT Headwear, Ltd*., 15 S.W.3d 190, 197 (Tex.App.--Houston [14th Dist.] 2000, no pet.)). "The "accord" is the new agreement and the "satisfaction" is the discharge of the obligation." *Id.* (citing *Metromarketing*, 15 S.W.3d at 197). "To establish this defense, the evidence must show both parties agreed the amount paid by the debtor to the creditor fully satisfied the entire claim." *Id*. (citing *Metromarketing*, 15 S.W.3d at 197). "In determining whether an accord and satisfaction has occurred, the question is whether there was an "unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation." *Id.* (citing *Metromarketing*, 15 S.W.3d at 198).

Meakin's offer and Hartford's acceptance constituted a new "accord" or agreement concerning Rx.com's demand for payment of attorneys' fees in connection with the defense of the underlying case.  Furthermore, Hartford's subsequent payment of the $191,639.61 constituted a satisfaction of that accord or agreement.  Hartford's initial payment of $100,000 was marked as a "partial payment." (Exhibit 19).  However, the second payment for $91,639.61 stated on the front, in all capital letters, that the payment was for "**OUTSTANDING LEGAL INVOICES**." (*Id*.).  The check for the outstanding invoices was made payable to both Brobeck and Rx.com, and was further endorsed by Rx.com's representative, Judy Kelley. (*Id.*).

Because Hartford satisfied its defense obligation in accordance with its agreement with Rx.com's general counsel, Rx.com's argument that Hartford owes additional amounts fails as a matter of law.

**III.    As a matter of law, Rx.com cannot recover for (1) defense costs incurred prior to the First Amended Petition, and (2) amounts in excess of what Rx.com establishes it paid out of pocket (or remains liable for).**

Rx.com's claim must be reduced while preserving Hartford's right to establish that the reduced amount is still unreasonable, improperly includes time spent for the prosecution of claims, as well as the defense of defendants other than Rx.com, Hartford's only insured in the underlying lawsuit.

First, as this Court determined, Rx.com is not entitled to any fees incurred prior to the filing of the First Amended Petition in the underlying lawsuit.  As this Court noted, Rosson's First Amended Petition was forwarded to Hartford on July 24, 2000.  Prior to the tender of the First Amended Petition, and based on the Brobeck invoices attached to Rx.com's motion for summary judgment (Court Instrument No. 29) in support of its motion for summary judgment, $88,981.55 was billed by Brobeck. (Exhibit 23).  Because these amounts were incurred in the defense of Rx.com prior to any defense obligation being triggered, Hartford is not liable for these amounts.

In its Memorandum and Order, this Court declared that Rx.com's argument that Hartford owes for all defense costs incurred, including defense costs incurred in defending Rx.com under the Original Petition before a defense duty was triggered was "without merit."  (Memorandum and Order, pg. 20-21).  This Court correctly held that no defense duty was owed under the Original Petition and that Rx.com had incurred $88,951.55 in attorneys' fees before the First Amended Petition was filed.  Under the

Court's Memorandum and Order and clear case law[11] holding that insurers are not liable for pre-tender defense costs, Hartford seeks summary judgment with respect to the $88,951.55 pre-defense-duty fees Rx.com claims to have incurred.

Second, Rx.com cannot recover for defense costs it neither paid nor is under an obligation to pay.  Hartford is entitled to summary judgment to the extent Rx.com seeks any additional amounts. *Global Petrotech, Inc. v. Engelhard Corp.*, 824 F.Supp. 103, 104 (S.D.Tex. 1993), *rev'd in part on other grounds*, 58 D.3d 198 (5th Cir 1995) ("Under general contract law a party should not benefit more from a contract's breach than from its performance.") (citing Restatement (Second) of Contracts 347 cmt. E 1981);  *Drewry v. Continental Cas. Co.*, No. 03A01-9111-CH-417, H, 1992 WL 60876 (Tenn. App., 1992); *Youngquist v. Cincinnati Ins. Co*., 625 N.W.2d 178 (Minn. Ct. App. 2001) ("It is a matter of basic insurance law that an insured is entitled to no more than its loss:  Almost all types of insurance are designed to provide no more than reimbursement for an insured. Moreover, it is now a generally accepted fundamental tenet of insurance law that opportunities for net gain to an insured through the receipt of insurance proceeds exceeding a loss should be regarded as inimical to the public interest") (citing Keeton & Widiss, Insurance Law 3.1(a) (1988)); *Concord Hosp. v. New Hampshire Medical Malpractice Joint Underwriting Association*, 694 A.2d 996, 998 (N.H. 1997) (Though the defendant breached its duty to the plaintiff …[another party] fulfilled its contractual obligation to the plaintiff and defended and settled the action on behalf of the plaintiff…Accordingly, the plaintiff has not suffered any damages as a result of the defendant's breach…Allowing an insured to recover the defense costs…when [another

---

[11]      *See Memorandum and Order; and LaFarge v. Hartford Cas. Ins. Co*., 61 F.3d 389 (5th Cir. 1999) (insurer not liable for pre-tender fees).

party] has already absorbed all of these amounts would give the insured a windfall"); *McDonald v. Nat'l Grange Mut. Ins. Co.*, 41 A.D.2d 862 (N.Y. App. Div. 1973) (holding that an insured was precluded from recovering defense costs from carrier because "[n]o part of such expense, however, is alleged to have been incurred by respondents personally, wherefore they have no right to recovery such expenses.").

Because Rx.com is not entitled to the windfall it seeks in this litigation, this Court should declare that Rx.com is not entitled to any amounts in excess of what it can prove it paid.  Any such amount will be subject to Hartford's challenges as to reasonableness, necessity, whether they are true defense costs, were incurred for the defense of Rx.com (as opposed to other defendants), etc.

### CONCLUSION

Hartford is entitled to summary judgment denying all of Rx.com's claims. Rx.com did not have a right to insist upon counsel of its choice *at Hartford's expense*. Because Hartford did not relinquish its right to defend Rx.com, Hartford is not liable for the invoices submitted by Rx.com's chosen counsel.  Additionally, Hartford is not liable for any additional portions of Brobeck's invoices because Rx.com and Hartford entered into a valid and enforceable "accord and satisfaction" agreement.

In the alternative, Rx.com's claim must be reduced, at a minimum, by the amounts Rx.com claims to have paid less the pretender defense costs.  That figure will remain subject to Hartford's challenges referenced above.  Hartford additionally requests any and all other relief to which it is entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & MARTIN**

By:_____/s/ Steven J. Knight_____
      Christine Kirchner
      Federal ID No. 15255
      Steven J. Knight
      Federal ID No. 27715
      1200 Smith Street, Suite 1400
      Houston, Texas 77002
      Phone:  713/658-1818
      Fax:  713/658-2553

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all attorneys of record by first class U.S. Mail, facsimile, and/or certified mail, return receipt requested on the _12th__ day of April, 2006.

**Attorney for Plaintiff RX.com, Inc.**
James Cornell
State Bar No. 04834800
Cornell & Pardue LLP
2727 Allen Parkway Suite 1675
Houston, Texas 77019
Fax:  713/526-7974

**Attorney for Plaintiff RX.com, Inc.**
Patrick Hughes
Michael Chu
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77002
Fax:  713/236-5583

_____/s/ Steven J. Knight_____
      Steven J. Knight

0567005.01
001575-000015